# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-744V
UNPUBLISHED

| | |
|---|---|
| AS, by her mother, PATRICIA TAYLOR,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: March 4, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Michael Adly Baseluos*, Baseluos Law Firm, PLLC, San Antonio, TX, for petitioner.

*Kyle Edward Pozza*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On May 20, 2019, Patricia Taylor, Petitioner, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act") on behalf of her minor child, AS.  Petitioner alleges that AS suffered Guillain-Barre Syndrome ("GBS") as a result of an influenza ("flu") vaccination on October 14, 2017.  Petition at 1.  The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 8, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS.  On March 3, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded compensation of $110,000.00 for actual and projected pain and suffering, and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

$76,651.94 to satisfy a Texas Medicaid lien. Proffer at 1-2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award compensation as follows:**

A. **A lump sum payment of $110,000.00 representing compensation for pain and suffering, in the form of a check payable to petitioner as guardian/conservator of A.S., for the benefit of A.S. No payment shall be made until petitioner provides respondent with documentation establishing that she has been appointed guardian/conservator of A.S.**

B. **A lump sum payment of $76,651.94, representing compensation for satisfaction of the Texas Medicaid lien, payable jointly to petitioner and**

**TMHP TPL – Tort Department**
**Attn: Tort Receivables**
**P.O. Box 202948**
**Austin, TX 78720-2948**
**Tel: 1-800-925-9126**
**Case ID #: 810303725131218**

**Petitioner agrees to endorse this payment to Texas Medicaid.**

*Id.* at 2. This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| A.S., a minor by her mother, PATRICIA TAYLOR, | ) ) ) | No. 19-744V |
| Petitioner, | ) ) ) | Chief Special Master Brian H. Corcoran ECF |
| v. | ) ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| Respondent. | ) ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 31, 2019, respondent filed a Rule 4(c) Report conceding that petitioner is entitled to vaccine compensation on behalf of minor A.S., for A.S.'s Guillain-Barre Syndrome ("GBS") suffered following receipt of an influenza ("flu") vaccination on October 14, 2017. On November 8, 2019, the Court issued a Ruling on Entitlement, adopting respondent's recommendation. Respondent now proffers the following regarding the amount of compensation to be awarded, which encompass all elements of damages petitioner would be entitled to under 42 U.S.C. § 300aa-15(a).[1]

    **I.  Compensation for Vaccine Injury-Related Items**

      A. Pain and Suffering

Respondent proffers that A.S. should be awarded $110,000.00 in actual and projected pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

---

[1] Should A.S. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.

1

B.  <u>Texas Medicaid Lien</u>

Respondent proffers that A.S. should be awarded funds to satisfy a Texas Medicaid lien in the amount of $76,651.94, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action that Texas may have against any individual as a result of any Medicaid payments Texas has made to or on behalf of A.S. from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine-related injury suffered on or about October 14, 2017, under Title XIX of the Social Security Act.

**II.    Form of the Award**

The parties recommend that the compensation provided to A.S. should be made through lump sum payments as described below, and request that the special master's decision and the Court's judgment award the following:

A.  A lump sum payment of $110,000.00 representing compensation for pain and suffering, in the form of a check payable to petitioner as guardian/conservator of A.S., for the benefit of A.S.  No payment shall be made until petitioner provides respondent with documentation establishing that she has been appointed guardian/conservator of A.S.

B.  A lump sum payment of $76,651.94, representing compensation for satisfaction of the Texas Medicaid lien, payable jointly to petitioner and

TMHP TPL – Tort Department
Attn: Tort Receivables
P.O. Box 202948
Austin, TX 78720-2948
Tel: 1-800-925-9126
Case ID #: 810303725131218

Petitioner agrees to endorse this payment to Texas Medicaid.

2

### III.  Guardianship

No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian/conservator of A.S.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of A.S., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian/ conservator of A.S. upon submission of written documentation of such appointment to the Secretary.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/* Kyle E. Pozza
KYLE E. POZZA
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Phone: (202) 616-3661
Kyle.Pozza@usdoj.gov

Dated: March 4, 2020